# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Otis E. Weatherford, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:13-1885-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 16, 2014, recommending that the Commissioner's decision be affirmed. (Dkt. No. 17). No party filed timely objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is

a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

After a review of the R & R, the administrative record, the decision of the Administrative Law Judge, and the applicable legal standards, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.[1]

---

[1] Plaintiff was born on January 16, 1964 and was 46 years of age at the time of his application for Social Security benefits on March 29, 2010. Transcript of Record ("Tr.") 24. At the time of the issuance of the decision of the Administrative Law Judge, on December 29, 2011, Plaintiff was 47 years of age and was at that time categorized as a "younger person" under the Social Security Act. 20 C.F.R. § 416.963(c). The Administrative Law Judge concluded that Plaintiff's impairments limited him to sedentary work. Tr. 19. During the pendency of appeal, Plaintiff turned 50 years of age and became under Social Security law a person "approaching advanced age." § 416.963(d). A person approaching advanced age who is unable to perform past work and has no transferable skills is normally deemed disabled when he is limited to sedentary

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

August 5, 2014
Charleston, South Carolina

---

work. 20 C.F.R. Part 404, Subpart P, Appendix 2 § 200(g). The record is silent whether Plaintiff has been deemed disabled since his 50th birthday or has submitted a new application for benefits. If not, Plaintiff's counsel may need to take the necessary steps to assert the claimant's rights as a person approaching advanced age who is limited to sedentary work.

-3-